UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| HSU-SHENG YU | ) | |
| a Taiwanese Citizen | ) | Case No. 16-cv-8651 |
|             Plaintiff, | ) | |
|     v. | ) | Judge: |
| | ) | |
| WAL-MART STORES, INC., | ) | Jury Trial Demanded |
| AMAZON.COM, INC., and | ) | |
| DIGIORANGE, INC., | ) | |
| | ) | |
|             Defendants. | ) | |
| | ) | |

**COMPLAINT FOR UTILITY AND DESIGN PATENT INFRINGEMENT**

Plaintiff Mr. Hsu-Shen Yu, ("Plaintiff") complains and alleges as follows against Defendants Wal-Mart Stores, Inc. ("Wal-Mart"), Amazon.com, Inc. ("Amazon"), and Digiorange, Inc. ("Digiorange").

THE PARTIES

1. Plaintiff is an individual and a citizen of Taiwan. Plaintiff is the owner of Huanson Enterprise Co., Ltd. a company having its business located at No. 107, Da-Mioa 5th Street, Guiren District, Tainan City, Taiwan 71145. Plaintiff, through his company, has manufactured, markets, offers for sale, and sells foam headphones.

2. Wal-Mart is a corporation organized under the laws of the State of Arkansas and having a corporate address of 702 S.W. 8th Street, Bentonville, AR 72716. Wal-Mart engages in the retail sale of consumer products in North America and internationally. The company sells merchandise purchased for resale from vendors, as well as those offered by third-party sellers through retail websites, such as www.walmart.com.

1

3. Amazon.com is a corporation organized under the laws of the State of Washington and having a corporate address of 410 Terry Avenue North, Seattle, WA 98109. Amazon engages in the retail sale of consumer products in North America and internationally. The company sells merchandise purchased for resale from vendors, as well as those offered by third-party sellers through retail websites, such as www.amazon.com.

4. Digiorange is a corporation organized under the laws of the State of New York, and has a corporate address of 5620 1st Avenue, 4th Floor, Brooklyn, NY 11220. Digiorange sells and markets products through retail websites such as www.amazon.com.

## JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 et seq.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

7. This Court has specific personal jurisdiction over each Defendant because each Defendant has committed and continues to commit acts of infringement in violation of 35 U.S.C. § 271, and places infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of Illinois, including in this District. The acts by each Defendant cause injury to Plaintiff within this District. Upon information and belief, each Defendant derives substantial revenue from the sale of infringing products within this District, expects its actions to have consequences within this District, and derives substantial revenue from interstate commerce.

8. The Court has general personal jurisdiction over each of Defendants Amazon and Walmart because its affiliations with Illinois and this District are so continuous and systematic as

to render Walmart and Amazon essentially at home in Illinois and this District in that each of Walmart and Amazon regularly and continuously markets, sells, and delivers products in Illinois and in this District.

9. Venue is proper within this District under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## BACKGROUND FACTS

10. Mr. Yu is the owner by way of assignment of U.S. Patent No. 9,185,483 and U.S. Design Patent D727,278, copies of which are attached hereto as Exhibits A and B, respectively. The assignment document is attached as Exhibit C.

11. U.S. Patent No. 9,185,483 was issued on November 10, 2015, is directed to Headphones with Removable Headband Pad.

12. U.S. Design Patent D727,278 was issued on April 21, 2015 and claims a design for Headphones with a Removable Headband Pad.

13. Defendant Walmart markets and sells headphones with a removable pad via its website www.walmart.com. See Ex. D.

14. Defendant Amazon markets and sells headphones with a removable pad via its website www.amazon.com. See Ex. E.

15. Defendant Digiorange markets and sells headphones with a removable pad under the trademark KIDROX.

16. Defendant Digiorange sells its headphones with a removable pad on Amazon.com. See Ex. F.

17. Defendant Digiorange also sells its headphones directly to sellers that sell the headphones on Ebay.com. See Ex. G.

18. Defendant Walmart was notified by way of letter dated July 28, 2016 of Plaintiff's infringement allegations.

19. Defendant Walmart did not respond to the July 28, 2016 letter.

20. Defendant Walmart was again contacted by way of letter dated August 22, 2016 regarding its infringing activities, and failed again to respond.

21. Despite being notified of its infringing activities, Defendant Walmart has continued to offer for sale and sell the accused products.

22. Defendant Amazon was notified by way of letter dated August 1, 2016 of Plaintiff's infringement allegations.

23. Defendant Amazon did not respond to the August 1, 2016 letter.

24. Defendant Amazon was again contacted by way of letter dated August 22, 2016 regarding its infringing activities, and failed again to respond.

25. Despite being notified of its infringing activities, Defendant Amazon has continued to offer for sale and sell the accused products.

26. Defendant Digiorange was notified by way of letter dated August 22, 2016 of the infringing sales, and asked to respond to the allegations by no later than August 30, 2016.

27. Defendant Digiorange did not respond to the August 22, 2016 letter.

28. Despite being notified of its infringing activities, Defendant Digiorange has continued to offer for sale and sell the accused products.

29. The sales, offers for sale, and importation of headphones with a removable pad by each of the Defendants are without authorization of Plaintiff.

### FIRST CLAIM FOR RELIEF
(Infringement of U.S. Patent No. 9,185,483)

30. Plaintiff incorporates and realleges paragraphs 1 through 29 of this Complaint.

31. Each of the Defendants has infringed and continues to infringe each of the claims of U.S. Patent No. 9,185,483 by using, selling and/or offering to sell in the United States, and/or importing into the United States headphones with a removable pad that reads on the apparatus described in each of the claims of U.S. Patent No. 9,185,483.

32. Each of the Defendants was notified of its infringing activities, but has continued its infringing acts without any good faith belief that its activities are non-infringing or that the U.S. Patent No. 9,185,483 is not valid, and therefore, each of the Defendants' infringement is willful.

## SECOND CLAIM FOR RELIEF
### (Infringement of U.S. Design Patent D727,278)

33. Plaintiff incorporates and realleges paragraphs 1 through 32 of this Complaint.

34. Each of the Defendants has infringed and continues to infringe U.S. Design Patent D727,278 by using, selling and/or offering to sell in the United States, and/or importing into the United States headphones with a removable pad that has the same design as that depicted in U.S. Design Patent D727,278.

35. Each of the Defendants was notified of its infringing activities, but has continued its infringing acts without any good faith belief that its activities are non-infringing or that the U.S. Patent No. D727,278 is not valid, and therefore, each of the Defendants' infringement is willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

1. A judgment that each of the Defendants has infringed the asserted design patent;

2. A judgment that each of the Defendants has infringed the asserted utility patent;

3. An order and judgment permanently enjoining each Defendant and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns, from further acts of infringement of the asserted design patent and utility patent.

4. A judgment awarding Plaintiff all damages adequate to compensate for each Defendant's infringement of the asserted patents, and particularly each Defendant's total profits pursuant to 35 U.S.C. § 289.

5. A judgment awarding Plaintiff all damages, costs, and interest, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest.

6. An accounting of each of the Defendants' profits.

7. A judgment declaring this case to be exceptional and awarding Plaintiff its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

8. Awarding Plaintiff such other and further relief as this Court deems just and proper.

Date: September 2, 2016            Respectfully submitted,

                                        /s/ Joseph M. Kuo
Joseph M. Kuo (IL Bar. No. 6216400)
Arnstein & Lehr LLP
120 South Riverside Plaza, Suite 1200
Chicago, IL 60606
Tel. 312.876.7151
Fax 312.876.6282
Email: jmkuo@arnstein.com

Attorney for Plaintiff